NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO EDGARDO LOPEZ CHAVEZ, et al.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2496

Agency Nos.
A209-228-397
A209-228-396
A209-228-395
A212-901-171
A212-901-172

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Mario Edgardo Lopez-Chavez, Blanca Estela Gonzalez-Munoz, and their

children (collectively, "Petitioners"), seek review of a Board of Immigration

Appeals ("BIA") decision dismissing their appeal from an immigration judge's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review the BIA's legal determinations de novo . . . . We review the BIA's factual determinations for substantial evidence, meaning we may reverse only if the evidence compels a conclusion contrary to the BIA's." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

1. An applicant for asylum or withholding of removal must show that the feared persecution would be "committed by the government or forces the government [was] either unable or unwilling to control." *Doe v. Holder*, 736 F.3d 871, 877–78 (9th Cir. 2013) (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)). Substantial evidence supports the BIA's finding that Petitioners failed to show local authorities in El Salvador were unable or unwilling to control crimes committed by members of MS-13. The evidence reflects that the authorities investigated the crimes, including the murder of Mr. Lopez-Chavez's parents. After Ms. Gonzalez-Munoz's son was allegedly kidnapped, local authorities promptly found and returned him to the custody of his guardian. Although the

authorities did not arrest anyone for the murder of Mr. Lopez-Chavez's parents or in connection with the alleged attacks and threats against Mr. Lopez-Chavez and Ms. Gonzalez-Munoz, neither reported their interactions with members of MS-13 to law enforcement. *See Bringas–Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) ("Whether a victim has reported or attempted to report violence or abuse to the authorities is a factor that may be considered . . . .").

The country conditions reports submitted by Petitioners further reflect that the Salvadoran government had recently increased its efforts to reduce the influence of criminal gangs. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("[A] country's government is not 'unable or unwilling' to control violent nonstate actors when it demonstrates efforts to subdue said groups."). While Petitioners presented some evidence showing local authorities had difficulty controlling gang violence in El Salvador, the evidence does not compel a finding that local authorities would be unwilling or unable to control future persecution by members of MS-13. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) ("[T]o reverse the BIA, we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it" (internal quotation marks omitted)).[1]

---

[1] Because substantial evidence supports the BIA's finding that Petitioners failed to show local authorities in El Salvador were unable or unwilling to control their alleged persecutors, we need not decide whether the BIA erred in determining

2.    To qualify for protection under CAT, a petitioner "must demonstrate a chance greater than fifty percent that he will be tortured if removed," and that the torture will occur "with the acquiescence" of public officials. *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (internal quotation marks omitted). For the reasons discussed above, substantial evidence supports the BIA's finding that Petitioners failed to show that they would more likely than not suffer torture with the acquiescence of public officials. *See Andrade–Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2017) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). Petitioners also had limited interactions with MS-13 members when they lived in El Salvador, and have family members living in the country who have not been harmed. The evidence also indicates that Petitioners could relocate within El Salvador to avoid torture. Ms. Gonzalez-Munoz lived for several months in El Salvador outside of her hometown of Usulután, during which she did not suffer any harm or receive any threats from members of MS-13. *See Xochihua-James v. Barr,* 962 F.3d 1175, 1183–84 (9th Cir. 2020) (explaining that relevant evidence includes "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured" (quoting 8 C.F.R. § 1208.16(c)(3))). Thus, the

---

Ms. Gonzalez-Munoz and Mr. Lopez-Chavez failed to establish a nexus between their alleged instances of past harm and a protected ground.

evidence does not compel a finding that Petitioners would "face a *particularized* and *non-speculative* risk of torture" if removed. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

**PETITION DENIED.**